Berniece Morris v. Commissioner.
Morris v. Commissioner
Docket No. 2590-65.
United States Tax Court
T.C. Memo 1967-83; 1967 Tax Ct. Memo LEXIS 179; 26 T.C.M. (CCH) 418; T.C.M. (RIA) 67083; April 20, 1967
James B. Davis, for the petitioner. Alan E. Cobb, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: A deficiency in the income tax of petitioner for the taxable year 1962 has been determined by respondent in the amount of $602.21. The sole issue to be decided is whether $4,031.33 was paid petitioner by her former husband as alimony which is to be included in her gross income under section 71(a)(1), Internal Revenue Code of 1954. Whether petitioner is entitled to a standard 10 percent of adjusted gross income deduction or the itemized deductions taken in her return for 1962 depends upon the issue as stated and will be effectuated under Rule 50. Findings of Fact All facts which *180 have been stipulated are found as agreed. Petitioner is a resident of New Philadelphia, Ohio. She filed her income tax return for the taxable year 1962 with the district director at Cleveland, Ohio. Petitioner and Robert Morris were husband and wife prior to April 24, 1953. They had two sons who, on that date, were 9 and 5 years of age, respectively. On the above date the husband obtained an absolute divorce from the bonds of matrimony theretofore existing between them from the Fifth Judicial Circuit of Florida, in and for Sumter County. Petitioner filed her Answer in the divorce proceeding together with her waiver of any further notice of hearing and consent to the husband's taking of the decree ex parte. The decree as issued made no specific dollar provision for either alimony or child support but did contain the provision that - 3. That the care, custody and control of the two minor children of the parties to this cause, to-wit: Jeffrey Morris, aged nine years, and Stephen Morris be awarded to the defendant Berniece Morris until the further order of this Court; and that the plaintiff Robert Morris make adequate provision for the support and maintenance of said minors; and *181 that the said plaintiff have the right to visit said children at any and all reasonable and seasonable times. Prior to the divorce in 1953 petitioner and her then husband had been living apart with the children in the custody of petitioner. Sometime in late 1952 or early 1953 the husband requested petitioner to obtain a divorce. She refused to do so, but consulted an attorney who prepared a separation agreement providing, among other things, for the payment by the husband to petitioner of $4,000 yearly, in equal monthly installments of $333.33 "throughout her life for her support and maintenance and for the care, support, maintenance, education and medical care of the two minor children." At sometime prior to January 1, 1960, the husband and petitioner had both executed the separation agreement and it was a valid and subsisting contract between them at all times during 1962, the year at issue. The agreement as so executed was incident to the divorce of the petitioner and Robert Morris. Opinion While admitting that the agreement of separation herein was in existence throughout the calendar year 1962 and had theretofore been executed by both petitioner and her former husband, petitioner *182 nevertheless takes the position that the agreement, not having (as she claims) been signed prior to the issuance of the divorce decree, could not have been "incident to such divorce" within the meaning of section 71(a)(1) of the 1954 Code; [1] that all moneys paid her by him during 1962 were not paid under the terms of such agreement, and as a result do not constitute periodic payments includable in her income under that section. We do not think the fact, if true, that the instrument was not actually executed prior to the issuance *183 of the divorce decree is at all determinative of this issue. See Maurice Fixler, 25 T.C. 1313. The year before us is 1962 and it is clear that throughout that period the agreement was subsisting, enforceable, and valid. We have insufficient evidence before us upon which to conclude other than that the payments made petitioner during that year were paid pursuant to the agreement periodically. Petitioner in 1962 was both divorced and therefore legally separated from her former husband. The periodic payments in question were received by her subsequent thereto. They were paid in discharge of a legal obligation (the separation agreement) which, because of the former family relationship between petitioner and Robert Morris, the latter had agreed to pay in writing. Likewise, regardless of the fact that the former husband may have executed the agreement for the purpose of establishing an income tax deduction, we are unable to conclude that the instrument was not executed and the obligation thereby incurred paid during 1962 incident to the divorced and separated state of the parties thereto. No other reason is disclosed by the record for such payments. It is true, as petitioner *184 contends, that if the payments in issue were made for child support rather than the support of petitioner, such payments would not be includable in her gross income, but we are not shown that such is the case. Section 71(b) provides, in effect, that unless the terms of a divorce decree or separation or other agreement incident to divorce or legal separation fix a dollar amount or specific part of a payment thereunder as being for the support of children, subsection (a) applies to the entire payment. The divorce decree before us makes only general provision that the plaintiff make adequate provision for the support and maintenance of the children and makes no mention of alimony for petitioner. It follows we think that all payments during 1962 were made, in view of the above section of the Code, for support of petitioner and are includable in her adjusted gross income for that year. Because of other adjustments made necessary by this holding Decision will be entered under Rule 50. Footnotes
1. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of Divorce or Separate Maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.↩